UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOHN PICKERING-GEORGE, (adopted)
JOHN R. DALEY, JR.,

                        Plaintiff,
                                            ORDER
            -against-                       11-CV-4199 (JS)(ETB)

THE CITY OF NEW YORK, Human Resource
Administration, FAMILY INDEPENDENCE
ADMINISTRATION, Office of Legal Affairs,
BUREAU OF ADMINISTRATIVE PROCEDURES,
Human Resources Administration,
FAMILY INDEPENDENCE ADMINISTRATION JOB
CENTER AGENCIES LOCATION, et al.,

                        Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:      John Pickering-George, Pro Se
                    100 W. 174th Street
                    Apt. 6-D
                    Bronx, New York 10453

For Defendants:     No appearances

SEYBERT, District Judge:

          On August 30, 2011, pro se plaintiff John Pickering-

George (adopted) John R. Daley, Jr., ("Plaintiff") filed his

Complaint against the City of New York, Human Resource

Administration, Family Independence Administration, Office of Legal

Affairs, Bureau of Administrative Procedures, Human Resources

Administration, and the Family Independence Administration Job

Center Agencies Location (collectively, "Defendants").

Accompanying the Complaint is an application to proceed in forma

pauperis.   For the reasons that follow, the Court grants

Plaintiff's request to proceed in forma pauperis pursuant to 28

U.S.C. § 1915(a), but <u>sua</u> <u>sponte</u> dismisses the Complaint.

I.  <u>Background</u>

Plaintiff, a frequent filer in this Court,[1] has filed yet another incomprehensible Complaint. According to the Complaint, Plaintiff's claims arise under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, in that the Defendants are withholding certain, unspecified documents from Plaintiff. (Compl. at page 1). Plaintiff explains that these documents were the subject of one of his prior lawsuits in this Court, 11-CV-0064(JS)(ETB). As the Court can best discern, Plaintiff seeks to re-litigate his FOIA claims that were <u>sua</u> <u>sponte</u> dismissed by this Court by Order dated May 31, 2011. <u>See</u> Dkt. 11-CV-0064(JS)(ETB), <u>Pickering-George v. City of New York, et al.</u>, Order, dated May 31, 2011, Seybert, D.J. Plaintiff alleges that he filed a "direct appeal to the U.S. Supreme Court" of the May 31, 2011 Order.

II.  <u>Discussion</u>

A.  <u>In Forma Pauperis Application</u>

Upon review of the Plaintiff's application, this Court finds that Plaintiff's financial status qualifies him to commence

---

[1] Plaintiff's other <u>pro</u> <u>se</u> <u>in</u> <u>forma</u> <u>pauperis</u> actions in this Court include 10-CV-1103 (JS)(ETB), which was <u>sua</u> <u>sponte</u> dismissed with prejudice after affording Plaintiff three opportunities to file a coherent Complaint; 11-CV-0064 (JS)(ETB), which was <u>sua</u> <u>sponte</u> dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); 11-CV-3273 (JS)(ETB), which was also <u>sua</u> <u>sponte</u> dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I); and 11-CV-3636(JS)(ETB) (same).

2

this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).  Accordingly, Plaintiff's application to proceed in forma pauperis is granted.

   B.   Application of 28 U.S.C. § 1915

        Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B)(i-iii).  The Court is required to dismiss the action as soon as it makes such a determination.  See id.

        Courts are obliged to construe the pleadings of a pro se plaintiff liberally.  Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

        An action is "frivolous" when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy."  Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the

3

wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); see also Gelish v. Social Sec. Admin., No. 10-CV-3713 (JS), 2010 WL 3780372, at *4 (E.D.N.Y. Sept. 17, 2010); McCormick v. Jackson, No. 07-CV-7893 (JSR), 2008 WL 3891260 (S.D.N.Y. Aug. 21, 2008).  As is readily apparent from a casual reading of the Complaint, the allegations in this case "rise to the level of the irrational or the wholly incredible." Denton, 504 U.S. at 33.  Accordingly, the Court sua sponte dismisses Plaintiff's Complaint with prejudice.

Notwithstanding the Second Circuit's preference for adjudication of cases on the merits, the Court declines to grant Plaintiff leave to amend the Complaint because, even affording the Complaint a liberal reading, there is no indication that a valid claim might be stated.  Cuoco, 222 F.3d at 112.

## LEAVE TO FILE SANCTION

As stated above, Plaintiff is no stranger to this and other federal courts.[2]  In addition to this action and the cases noted in footnote # 1 (supra at 2, note 1), Plaintiff has also been barred from filing any further in forma pauperis civil complaints in the Supreme Court of the United States.  See Pickering-George v.

---

[2] The Court's research has revealed that Plaintiff has also filed frivolous in forma pauperis Complaints in several other district courts, including the Northern and Southern Districts of New York as well as the District of Columbia.

<u>Holder, et al.</u>, 129 S. Ct. 2061, 173 L. Ed. 2d 1131 (2009) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid"). Similarly, the Second Circuit has entered a leave-to-file sanction against the Plaintiff requiring that he first obtain leave of Court before the Clerk of the Court may accept any papers from him. <u>See</u> Order, 11-CV-0224 (2d Cir. March 1, 2011).

This Court has previously warned Plaintiff that:

> The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel.

<u>Lau v. Meddaugh</u>, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted); <u>Moates v. Barkley</u>, 147 F.3d 207, 208 (2d Cir. 1998) (<u>per curiam</u>).[3] Having been forewarned, Plaintiff is now directed to show cause, within thirty (30) days, why an order barring him from filing any new <u>in forma pauperis</u> action concerning his requests for documents from the Defendants herein or related to any of his prior cases in this Court, without first obtaining leave of court, should not be entered against him.

---

[3] <u>See</u> 11-CV-3273(JS)(ETB), Order, dated August 19, 2011 at page 8 and 11-CV-3636(JS)(ETB), Order, dated September 14, 2011 at page 7.

<u>Viola v. United States</u>, 307 F. App'x 539 (2d Cir. 2009) (citing

<u>Moates</u>, 147 F.3d at 208)); <u>see also</u> <u>Johnson v. Chairman, New York</u>

<u>City Transit Authority</u>, 377 F. App'x 46, 48 (2d Cir. 2010) (citing

<u>Hong Mai Sa v. Doe</u>, 406 F.3d 155, 158 (2d Cir. 2005)); <u>Iwachi v.</u>

<u>N.Y. State Dep't of Motor Vehicles</u>, 396 F.3d 525, 529 (2d Cir.

2005); 28 U.S.C. § 1651(a).

　　　Plaintiff shall file an affirmation in response to this

order within thirty (30) days from the entry of this Order.  If

Plaintiff fails to file an affirmation or otherwise respond to this

Order within the time allowed, an Order enjoining Plaintiff from

filing any new <u>in forma pauperis</u> action against the Defendants in

this action or related to any of Plaintiff's prior cases in this

Court as set forth above shall be entered.  Entry of judgment shall

be stayed for thirty (30) days to afford Plaintiff an opportunity

to show cause.  The Court certifies pursuant to 28 U.S.C. §

1915(a)(3) that any appeal from this Order would not be taken in

good faith and therefore <u>in forma pauperis</u> status is denied for

purpose of an appeal.  <u>Coppedge v. United States</u>, 369 U.S. 438,

444-45 (1962).

CONCLUSION

　　　For the reasons set forth above, Plaintiff's application

to proceed <u>in forma pauperis</u> is granted, and the Complaint is <u>sua</u>

<u>sponte</u> dismissed with prejudice.

　　　Plaintiff is directed to show cause **within thirty (30)**

**days**, why an order barring him from filing any new <u>in forma</u> <u>pauperis</u> action concerning his requests for documents from the Defendants herein or related to any of his prior cases in this Court, without first obtaining leave of court, should not be entered against him.

                    SO ORDERED.


                    /s/ JOANNA SEYBERT
                    Joanna Seybert, U.S.D.J.


Dated:     September  __26__, 2011
           Central Islip, New York