```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOHN PICKERING-GEORGE, (adopted)
JOHN R. DALEY, JR.,

                        Plaintiff,
                                                MEMORANDUM AND ORDER
            -against-                           11-CV-4199 (JS)(ETB)

THE CITY OF NEW YORK, Human Resource
Administration, FAMILY INDEPENDENCE
ADMINISTRATION, Office of Legal Affairs,
BUREAU OF ADMINISTRATIVE PROCEDURES,
Human Resources Administration,
FAMILY INDEPENDENCE ADMINISTRATION JOB
CENTER AGENCIES LOCATION, et al.,

                        Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:      John Pickering-George, Pro Se
                    100 W. 174th Street
                    Apt. 6-D
                    Bronx, New York 10453

For Defendants:     No appearances
```

SEYBERT, District Judge:

By Order dated September 26, 2011, the Court dismissed Plaintiff's latest in forma pauperis Complaint against the City of New York, Human Resource Administration, Family Independence Administration, Office of Legal Affairs, Bureau of Administrative Procedures, Human Resources Administration, and the Family Independence Administration Job Center Agencies Location (collectively, "Defendants") as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B) and directed Plaintiff to show cause why he should not be barred from filing any new in forma pauperis complaints concerning his requests for documents from the

Defendants herein or related to any of his four (4) prior cases in this Court, without first obtaining leave of court.  MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam); see also Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005); Iwachi v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005); In re Martin-Trigona, 9 F.3d 226, 228 (2d Cir. 1993); Polur v. Raffe, 912 F.2d 52, 57 (2d Cir. 1990); Sassower v. Sansverie, 885 F.2d 9, 11 (2d Cir. 1989); 28 U.S.C. § 1651(a).

On October 27, 2011, Plaintiff filed his response to the Court's Order to Show Cause.  Much like his Complaint, Plaintiff's response is incoherent and is largely comprised of numbered lists of unrelated legal terms.  Given Plaintiff's response, the undersigned finds that he has failed to demonstrate why a litigation bar should not be entered at this time.  Accordingly, for the reasons that follow, Plaintiff is barred from filing any new complaints in this Court concerning his requests for documents from any of the Defendants herein or related to any of his four (4) prior cases in this Court, without first obtaining leave of court.

### Plaintiff's Litigation History

Since March 2010, Plaintiff has filed the following in forma pauperis actions against the City of New York and various other government agencies in this Court, all of which have been dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii).  Pickering-

George v. Brookhaven (N.Y.) Center, et al., No. 10-CV-1103 (JS) (ETB) (sua sponte dismissed with prejudice after affording Plaintiff three opportunities to file a coherent Complaint); Pickering-George v. The City of New York, et al., No. 11-CV-0064 (JS) (ETB) (sua sponte dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); Pickering-George v. Landlord Management, et al., No. 11-CV-3273 (JS) (ETB) (sua sponte dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); Pickering-George v. Internal Revenue Service, et al., No. 11-CV-3636 (JS) (ETB) (sua sponte dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)).

Plaintiff's response to the Court's Order to Show Cause does not provide any basis to conclude that Plaintiff will stop filing frivolous complaints against the City of New York or various other government entities. In fact, Plaintiff continues to do so and has filed yet another such Complaint on September 29, 2011, after the Court issued its Order to Show Cause.[1] Plaintiff's actions demonstrate that the Court has no other recourse but to bar Plaintiff from filing any new in forma pauperis complaint against any of the Defendants named in any of his prior Complaints concerning any of the conduct complained of in those actions

---

[1] Plaintiff's latest complaint names as defendants the U.S. District Court, E.D.N.Y., Central Islip, the "United States Agency", and the "United States Official Courts and Judicial System." See 11-CV-4861 (JS)(ETB), Pickering-George v. U.S. District Court, E.D.N.Y., Central Islip, et al.

without first obtaining leave of court.

## CONCLUSION

Accordingly, it is **ORDERED** that

(1) John Pickering-George (adopted) John R. Daley, Jr., is enjoined from filing any new in forma pauperis action against Brookhaven (NY) Center, Sandy Pacello, Wage and Investment Director-Field Accounts Mgt., Ruben D. Priegues, Cynthia J. Meals-Vitelli, the Attorney General of the United States, the Internal Revenue Service, the Chief Counsel, Eastern District of New York, the City of New York, the Office of Legal Affairs City, the Human Resources Administration, Family Independence Administration, Job Center Agencies Location, the U.S. District Court, E.D.N.Y., Central Islip, the United States Agency, United States Official Courts and Judicial System or other related defendants in this Court without first obtaining leave of Court;

(2) the Clerk of Court is directed to return to Mr. Pickering-George, without filing, any new in forma pauperis action against any of the above-named defendants or related defendants which is received without a separate application seeking leave to file;

(3) if the Court grants Mr. Pickering-George leave to file a new action, the civil action shall be filed and assigned a civil docket number;

(4) if leave to file is denied, Mr. Pickering-George's submission shall be filed on the court's miscellaneous docket. See

4

28 U.S.C. § 1651.

Nothing herein shall be construed to prohibit Plaintiff from filing an appeal of this Memorandum and Order; however, the court certifies pursuant to pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November  18 , 2011
       Central Islip, New York